## Martin v. Coons

*Godlewski and Silvis,* for plaintiff.
*Scales and Shaw,* for defendant.

LOUGHRAN, *J.,* February 27, 1980—This matter arises from preliminary objections taken to a mechanic's lien claim filed by plaintiff, Quinto A. Martin, against defendant, Margaret Coons. Defendant contends that plaintiff has been paid, the work was not completed, no work has been done for a period in excess of three years, and the work was defective and done in an unworkmanlike manner. Plaintiff contends that these matters cannot be raised by preliminary objections and are questions of fact for trial.

Section 505 of the Mechanics' Lien Law of August 24, 1963, P.L. 1175, 49 P.S. §1505, permits preliminary objections upon a showing of exemption or immunity of the property from lien, or for lack of conformity with the act. If issues of fact are raised in such objections, the court may take evi-

dence by deposition or otherwise. Accordingly, the court can go outside of the record and determine fact issues if those facts fall within the classes set forth by section 505. See Joyce v. Sarnelli, 62 Westmoreland 11 (1979).

While the allegations that the work was defective, not done in a workmanlike manner, and incomplete do not fall within those matters set forth in section 505, it is this court's opinion that the remaining items do fall within the purview of section 505. Section 301, 49 P.S. §1301, provides that a claim must exceed $500; if the claimant has been paid in full then the claim is not in excess of $500 and not in conformity with the act and the property is immune.

If the last work was completed in excess of three years ago, again there is nonconformity with the act as the term provisions of section 502(a)(1), 49 P.S. §1502(a)(1), have been violated.

To determine these matters, however, further evidence is needed and defendant will be directed to prove with depositions and upon failure to do so defendant's objections will be dismissed.

## ORDER

And now, February 27, 1980, it is hereby ordered, adjudged and decreed that defendant, Margaret Coons, is granted 90 days from the date of this order to take depositions to support the allegations found appropriate by the court's opinion. The transcript of said depositions shall be filed no later than 90 days from the date of this order and upon the failure to do so defendant's preliminary objections will be dismissed on motion of the claimant.